IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW LEE BOYER,

             Petitioner,

    v.

BRIAN BELLEQUE,

             Respondent.

Civil No. 06-35-PK

ORDER

MARSH, Judge.

    Magistrate Judge Paul Papak filed his Findings and Recommendation on February 2, 2010.  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981),

1 - ORDER

<u>cert. denied</u>, 455 U.S. 920 (1982).

Petitioner has filed timely objections.  I have, therefore, given the file of this case a *de novo* review.  For the reasons set forth below, I adopt the recommendation that petitioner's second amended habeas petition be denied.  However, contrary to Judge Papak's recommendation, I grant petitioner a certificate of appealability.

**DISCUSSION**

I.  **Grounds for Relief 2, 4-10.**

Before reviewing the Findings and Recommendation of Judge Papak, the briefing by the parties warrants comment.  Neither petitioner nor respondent provided any legal or factual analysis of eight of the ten grounds for relief.  Further, although it appears from the record that several of petitioner's grounds are procedurally defaulted, respondent failed to identify those grounds for the court, instead simply "preserving" the defense in a footnote.[1]  Now, however, petitioner objects to Judge Papak's Finding and Recommendation on the basis that he found the unbriefed grounds to be waived because they were not traversed.  Respondent has filed no response to the objections.

///

──────────────

[1] Pursuant to Rule 5(b), of the Rules Governing Section 2254 Proceedings, an answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

2 - ORDER

Contrary to petitioner's contention, Judge Papak did not find the unbriefed grounds for relief to be waived. Rather, Judge Papak held, albeit in a summary fashion, that he "reviewed the record as to Boyer's unbriefed claims and determined that they would not entitle him to relief." I agree with this conclusion. Although Judge Papak's citation to 28 U.S.C. § 2248, and Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006) (a case dealing with the waiver of claims on appeal), is misplaced,[2] petitioner nevertheless has failed to demonstrate that he is entitled to habeas relief on any of the unbriefed grounds. Accordingly, I adopt Judge Papak's recommendation that habeas relief be denied as to grounds 2 and 4-10.

In so holding, I note that the only unbriefed ground for relief that petitioner addresses with specificity in his objections is ground for relief two. In that ground, petitioner alleges:

> Petitioner's Sixth and Fourteenth Amendment Rights were violated because trial counsel **failed to make appropriate objections** to ensure that the jury's verdict on the attempted aggravated murder convictions were based upon a finding that petitioner intended to murder and not that petitioner acted recklessly.

---

[2] See e.g. Elkins v. Belleque, 2008 WL 5046386 *2 (D.Or. Nov. 20, 2008) (rejecting argument that grounds not traversed are waived, or are subject to denial based upon the assumption that allegations of a return are accepted as true until impeached); Spillino v. Belleque, 2009 WL 585929 *3 (D.Or. 2009) (same); Walton v. Hill, 652 F.Supp.2d 1148, 1171 (D.Or. 2009) (same); Harris v. Belleque, 2009 WL 2132720 *6 (D.Or. 2009) (same).

3 - ORDER

Facts:  Petitioner's convictions for attempted murder
required a finding that petitioner knowingly exposed the
victims to a risk of contracting a deadly disease with
the intent that they contract it and die.  The verdict
does not disclose that the jury made such a finding
because counsel failed to make appropriate objections,
including objecting [to] the prosecutor's misconduct,
which included misquoting the evidence and providing
erroneous instructions about the law.

The only ineffective assistance of counsel claim exhausted in

state court which relates to ground for relief two is that trial

counsel was ineffective for failing "to request a specific finding

on the jury verdict form regarding the question of whether

defendant had unprotected sex with the victims."  Resp. Exh. 110

at 2.   The post-conviction court rejected this claim as follows:

47.  Trial counsel was not ineffective and inadequate
for not requesting a specific finding on the jury
verdict form regarding the question of whether defendant
had unprotected sex with the victims.

48.  The issue in petitioner's case was not whether
defendant wore a condom.

49.  The question for the jury was whether petitioner's
conduct intentionally placed his victims in danger of
death, whether or not he was wearing a condom.

50.  There was ample evidence presented at petitioner's
trial that he knew he had AIDS, that he knew the risks
it posed for any individual to have sexual contact with
him, and that he chose not to inform these young boys
that he had AIDS.

51.  The evidence does not establish that a request for
special findings was merited, that counsel's failure to
make such a request was unprofessional, that the trial
court would have granted such a request, or that
counsel's failure had a tendency to affect the outcome
of the case.

Resp. Exh. 124 at 7.

4 - ORDER

Petitioner has failed to demonstrate that the state court's rejection of this claim is contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1987), or is based upon an unreasonable determination of the facts in light of the evidence presented.  <u>See</u> 28 U.S.C. § 2254(d).  To the extent that petitioner is challenging counsel's assistance on a factual basis distinct from that noted above, the claim is procedurally defaulted because it was not fairly presented to the state post-conviction court.  <u>See Lopez v. Schriro</u>, 491 F.3d 1029, 1040 (9th Cir. 2007) (petitioner must exhaust in state courts the "substantial equivalent" of claim presented to federal habeas court).

Similarly, to the extent that petitioner seeks to have this court review whether the prosecution engaged in misconduct, such a claim was neither exhausted in state court, nor alleged in his second amended petition.  Hence, Judge Papak's conclusion in footnote 2 of his Findings and Recommendation that "claims related to the prosecutor's alleged misconduct during his closing arguments are not before the court" is correct.

**II.  <u>Ground for Relief One</u>.**

Petitioner was convicted of the attempted aggravated murder of two of the four complainants.  The convictions were premised upon testimony that petitioner anally sodomized both boys, knowing that he was infected with AIDS and could transmit the disease

through unprotected anal intercourse.  Judge Papak rejected petitioner's claim that his convictions were based on insufficient evidence in violation of his Fourteenth Amendment rights.  In so doing, Judge Papak noted that "[e]ven assuming there was no evidence Boyer ejaculated into his victims . . . there was evidence presented at trial from which a rational jury could conclude Boyer knew his infection could be transferred through penetration alone."  Additionally, Judge Papak noted the testimony of petitioner's treating physician that he would expect petitioner to have known the dangers of unprotected anal sodomy; and the fact that petitioner's victims were particularly vulnerable and, given their age and disability, lacked the sophistication to either make inquiries about Boyer's health status or to demand that he wear condoms.

Petitioner objects to the findings and recommendation on the basis that Judge Papak misapplied Jackson because the evidence supports an inference that petitioner acted recklessly not intentionally.  Compare O.R.S. 161.085(7) (defining intent) & 161.085(9) (defining reckless).  In this regard, petitioner argues that "[a]n absolute prerequisite to proving intent is that the perpetrator must knowingly ejaculate into the bodies of the complainants."

I have carefully reviewed the trial transcript and given this matter de novo review.  The state court's conclusion that there

6 - ORDER

was sufficient circumstantial evidence from which the jury could conclude that petitioner intended to cause the death of his victims is neither contrary to, nor an unreasonable application of, <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). <u>See</u> 28 U.S.C. § 2254(d); <u>see also</u> <u>Briceno v. Scribner</u>, 555 F.3d 1069, 1078 (9th Cir. 2009) (noting that § 2254(d) adds an additional layer of deference to the insufficiency of the evidence standard of <u>Jackson</u>); <u>Juan H. V. Allen</u>, 408 F.3d 1262, 1275 (9th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1137 (2006) (noting the deference owed the trier of fact and the limited nature of the constitutional sufficiency review). Although reasonable jurists may disagree as to whether petitioner acted with the conscious objective of causing the complainants' death, this is not the constitutional standard of review for an insufficiency of the evidence claim on federal habeas review. Accordingly, I adopt the findings and recommendations of Judge Papak on this issue.

**III.  <u>Ground for Relief Three</u>.**

Judge Papak rejected petitioner's claim that his statements made subsequent to <u>Miranda</u> warnings should have been suppressed because they were given in the middle of the interrogation and were not voluntary. Judge Papak deferred to the state court's factual findings; concluded that petitioner had failed to demonstrate that the trial court's denial of his motion to suppress the post-Miranda statements was contrary to, or involved

an unreasonable application of <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985); and noted that petitioner's reliance on <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004), was misplaced.  I have given the record *de novo* review and find no error.  Accordingly, I adopt this finding and recommendation.

<u>**CONCLUSION**</u>

Based on the foregoing, I ADOPT the Findings and Recommendation (#59) of Judge Papak that petitioner's second amended petition (#53) be DENIED.  However, petitioner is granted a certificate of appealability as to ground for relief one only - whether petitioner was deprived of a fair trial and due process when he was convicted upon insufficient evidence to find that he committed the attempted aggravated murder offense beyond a reasonable doubt.  <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __7__ day of June, 2010

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge
